

U. S. DEPARTMENT OF JUSTICE

WILLIAM J. IHLENFELD, II
United States Attorney
Northern District of West Virginia

FILED
JAN 10 2012
U.S. DISTRICT COURT
ELKINS WV 26241

| 1125 Chapline Street | Phone: (304) 234-0100 |
| P.O. Box 591 | Fax: (304) 234-0111 |
| Wheeling, WV 26003 | |

November 19, 2011

Katy J. Cimino
Assistant Federal Public Defender
230 West Pike Street
Clarksburg, WV 26301

In re:  United States v. Melissa Miller
        Criminal No. 2:11 CR 29

Dear Mrs. Cimino:

This will confirm conversations with you concerning your client, Melissa Miller (hereinafter referred to as the defendant). The defendant must return a signed copy of this agreement to the Elkins U.S. Attorney's Office on or before December 20, 2011.

All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended. It is agreed between the United States and your client as follows:

**PART A: THE PLEA:**

1.  The defendant will plead guilty to *Converting Social Security Disability Insurance Benefits*, as charge in the sole count of the Superseding Indictment, in violation of Title 42, United States Code, Section 408(a)(5).

_____         12-13-11
Melissa Miller, Defendant                Date Signed

_____         12-13-11
Katy J. Cimino, Esq.                     Date Signed
Counsel for the defendant

2. The maximum penalty to which defendant will be exposed as a result of her plea of guilty is imprisonment for a period of not more than five (5) years, a fine of $250,000.00 or both, and a term of not more than three (3) years of supervised release.

3. The defendant must pay a special mandatory assessment of $100.00 (18 USC 3013) which must be **paid within 40 days** following entry of her guilty plea, by money order or certified check to the "United States District Court". The Court may require the defendant to pay the costs of her incarceration, supervision, and probation.

4. The defendant authorizes the Financial Litigation Unit in the U. S. Attorney's Office to access her credit reports from any major credit reporting agency, in order to assess his/her financial condition for sentencing purposes.

**PART B: COOPERATION**

5. The defendant will be completely forthright and truthful with regard to all inquiries made of her and will give signed, sworn statements and grand jury and trial testimony relative thereto. The defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia, to be administered by a polygrapher chosen by the United States Attorney's Office.

6. Nothing contained in any statement or any testimony given by the defendant, pursuant to this plea agreement, will be used against her as the basis for any subsequent prosecution. Any information obtained from the defendant in compliance with this cooperation agreement may be made known to the sentencing Court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining the defendant's applicable guideline range.

7. This agreement does not prevent the defendant from being prosecuted for any violations of other Federal and state laws she may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement. In addition, nothing contained in this agreement shall prevent the United States from prosecuting the defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of her cooperation under this agreement.

8. At sentencing, the United States will advise the Court of the defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

_Melissa Miller_          12-13-11
Melissa Miller, Defendant      Date Signed

_Katy J. Cimino_         12-13-11
Katy J. Cimino, Esq.        Date Signed
Counsel for the defendant

## PART C: SENTENCING RECOMMENDATIONS

9. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or the defendant's counsel, as to what the final disposition in this matter should and will be. This agreement includes **nonbinding** recommendations by the United States. The Court is not bound by these sentence recommendations, and the defendant has no right to withdraw her guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

10. If the defendant pays the $100.00 special assessment fee **within 40 days following the entry of her guilty plea**, and if the defendant does not engages in obstructive conduct defined under the Application Notes of Guideline 3C1.1, then the United States will make the following **nonbinding** recommendations:

   A. If, in the opinion of the United States Attorney's Office, the defendant accepts responsibility and if the U.S. Probation Office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

   B. The United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable guideline range.

## PART D: STIPULATIONS

11. Pursuant to Guidelines 1B1.3 and 2B1.1, the parties stipulate that the amount of loss is $9,579.00, and that she owes restitution to the Social Security Administration in this amount. The defendant further agrees that if she is financially able to do so prior to the sentencing hearing, then she shall pay part or all of the restitution by "certified check" made payable to Clerk, US District Court and mailed or delivered to the Financial Litigation Unit of the U.S. Attorney's Office for the Northern District of West Virginia, at 300 Third Street, Suite 300, Elkins, WV 26241.

12. The defendant agrees to provide all of her financial information to the United States and the U.S. Probation Officer and, if requested, agrees to participate in a pre-sentence debtor examination to be conducted by the United States under oath and before a court reporter. If the Court imposes a payment schedule for the payment of any criminal monetary penalty or restitution order, then the payment schedule shall be the minimum payment obligation and shall not be the only method or a limitation on the methods available to the United States to enforce the criminal monetary penalty judgment and restitution order. If the defendant is incarcerated, then she shall participate in the Inmate Financial Responsibility Program established by the U.S. Bureau of Prisons,

_Melissa Miller_  
Melissa Miller, Defendant

Date Signed: 12-13-11

_Katy J. Cimino_  
Katy J. Cimino, Esq.  
Counsel for the defendant

Date Signed: 12-13-11

3

regardless of whether the Court requires such participation or imposes a payment schedule. The defendant further agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty or restitution order to the United States Treasury for offset regardless of the defendant's payment status or history at the time of said submission.

13. The Court is not bound by the stipulations contained in this plea agreement and the Court is not required to accept them. If the Court does not accept the stipulations, the defendant will not have the right to withdraw her guilty plea.

**PART E: WAIVER OF APPELLATE RIGHTS:**

14. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily waives the right to appeal her sentence if the defendant receives a sentence that is consistent with a total offense level eight (8), or lower, or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. The defendant also waives the right to challenge the sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, the defendant's waiver contained in this paragraph will be voided provided the defendant complies with the Federal Rules of Appellate Procedure.

**PART F:    CONCLUSION**

15. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including defendant's background, criminal record, offense charged in the indictment and other pertinent data appearing at Fed.R.Cr.P., Rule 32(c)(2), as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by defendant or her counsel.

16. If the defendant's plea is not accepted by the Court or is later set aside, or if the defendant breaches any part of this agreement, then the United States Attorney will have the right to not make the sentencing recommendations, to void this entire agreement, or to void any one or more provisions of this agreement.

_____     12-13-11
Melissa Miller, Defendant            Date Signed

_____     12-13-11
Katy J. Cimino, Esq.                 Date Signed
Counsel for the defendant

17. This written agreement constitutes the entire agreement between the defendant and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Very truly yours,

WILLIAM J. IHLENFELD, II
United States Attorney

By: _____
Stephen D. Warner
Assistant U. S. Attorney
Attorney Bar Number 5900
P. O. Box 190
Elkins, WV 26241
Telephone: (304) 636-1739
Fax: (304) 636-1967
E-mail: steve.warner@usdoj.gov

As evidenced by my signature at the bottom of every page of this agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____   12-13-11
Melissa Miller, Defendant    Date Signed

_____   12-13-11
Katy L. Cimino, Esq.         Date Signed
Counsel for the defendant

5